TASHIMA, Circuit Judge,
Concurring and Dissenting:
I concur in the majority’s holding that Appellant Kate Zielke is entitled to qualified immunity with respect to Patrick Wilson’s First Amendment claims. I must respectfully dissent, however, from the majority’s dismissal of the remainder of Zielke’s appeal.
The majority dismisses Zielke’s appeal with respect to Wilson’s Fourteenth *154 Amendment claims based upon its observation that “numerous issues of material fact remain.” Maj. Op. at 153. This court is not barred from reviewing the District Court’s qualified immunity ruling, however, simply because disputed issues of fact continue to exist. Rather, we retain jurisdiction to determine whether, accepting Wilson’s version of the facts as true, Zielke is entitled to qualified immunity. The very case the majority relies on to dismiss Zielke’s appeal makes this clear: “Once we accept the set of facts that the District Court found to be sufficiently supported ... we may review the District Court’s conclusion that the defendants would not be immune from liability if those facts were proved at trial.” Blaylock v. City of Phila., 504 F.3d 405, 409 (3d Cir.2007).
For the purposes of her summary judgment motion and her appeal, Zielke accepted Wilson’s version of the facts as true. See Opening Brief at 1-2 (“Defendant asserted that she is entitled to qualified immunity because the facts, as alleged by Plaintiff, do not support a claim for a violation of clearly established law (i.e., a pure question of law).”). Thus, Zielke does not challenge “the District Court’s determination of which facts were sufficiently supported by evidence.” Id. at 409. Instead, Zielke contends that Wilson’s factual assertions, even if accepted as true, do not demonstrate the violation of a clearly established right. Because we have jurisdiction over this question of law, id. (“we may review the District Court’s conclusion that the defendants would not be immune from liability if those facts were proved at trial”), I believe that we are required under Blaylock to reach the merits of this portion of Zielke’s appeal, rather than to dismiss for lack of jurisdiction.